# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:16-cv-335-RJC
### (3:00-cr-140-RJC-1)

| | | |
|---|---|---|
| JERRY THRASHER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate Sentence Under 28 U.S.C. § 2255, (Doc. No. 1). Also pending is the Government's Motion to Dismiss, (Doc. No. 18).

## I.    BACKGROUND

Petitioner was indicted in the underlying criminal case for multiple offenses including Hobbs Act conspiracy, Hobbs Act robbery, and using or brandishing a firearm during and in relation to a crime of violence. (3:00-cr-140-RJC-1 ("CR") Doc. No. 3). Petitioner pleaded guilty to one count of Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2 as charged in Count (6), and two counts of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c) and 2 as charged in Counts (7) and (11). (CR Doc. No. 36).

The Court adjudicated Petitioner guilty of those counts and sentenced him as a career offender to a total of 300 months' imprisonment followed by 3 years of supervised release.[1] (CR Doc. No. 55). The Fourth Circuit Court of Appeals dismissed Petitioner's appeal, (CR Doc. No. 75), and the United States Supreme Court denied certiorari on October 7, 2002, Thrasher v. United

---

[1] Petitioner has completed his term of incarceration and began supervision on February 12, 2021. See (CR Doc. No. 136).

<u>States</u>, 537 U.S. 862 (2002).

Petitioner filed the instant § 2255 Motion to Vacate through counsel on June 14, 2016. (Doc. No. 1). He argues, pursuant to <u>Johnson v. United States</u>, 576 U.S. 591 (2015), that he does not qualify as a career offender and his § 924(c) convictions are invalid.[2] This case was stayed for several years pending developments in United States Supreme Court and Fourth Circuit Court of Appeals case law.  <u>See</u> (Doc. Nos. 4, 17).

The Government has now filed a Motion to Dismiss, (Doc. No. 18), arguing that Petitioner's vagueness challenge to the career offender guideline is time-barred and the § 924(c) convictions are valid because Hobbs Act robbery remains a predicate crime of violence.

The Federal Public Defender was granted leave to withdraw after concluding that there are no potentially meritorious grounds for § 2255 relief so that the Petitioner may continue to litigate this action *pro se* if he chooses to do so. (Doc. No. 20).  The Court informed Petitioner of his right to respond to the Government's Motion to Dismiss and cautioned him that the failure to file a timely and persuasive response would result in the dismissal of the § 2255 Motion to Vacate. (Doc. No. 20).  Petitioner has not filed a *pro se* response and the time to do so has now expired.

## II.     STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

---

[2] Counsel also filed several Supplemental Memoranda on Petitioner's behalf.  <u>See</u> (Doc. Nos. 5, 7, 8).

2

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

Petitioner argues that his career offender sentence and § 924(c) convictions are invalid pursuant to Johnson, in which the Supreme Court held the Armed Career Criminal Act's ("ACCA") residual clause to be void for vagueness.[3]  576 U.S. at 591.

First, Petitioner's challenge to his career offender sentence is time-barred. A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's conviction and sentence became final on October 7, 2002 when the Supreme

---

[3] The Supreme Court held in Beckles v. United States, 137 S.Ct. 886 (2017), that the U.S. Sentencing Guidelines, including the career offender guideline, are not subject to vagueness challenges. Petitioner argues that his career offender challenge was not resolved by Beckles, however, because he was sentenced before the sentencing guidelines were made advisory pursuant to United States v Booker, 543 U.S. 220 (2015). (Doc. No. 5).

Court denied certiorari, and the time to file a § 2255 petition expired one year later pursuant to § 2255(f)(1). See Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (the federal judgment becomes final when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari).

Petitioner argues that his challenge to his career offender challenge is timely pursuant to § 2255(f)(3) because he filed his § 2255 Motion to Vacate within a year of Johnson's issuance.[4] Petitioner's reliance on Johnson in this regard is misplaced because Johnson addressed only ACCA's residual clause. The Supreme Court "has yet to recognize a broad right invalidating all residual clauses as void for vagueness simply because they exhibit wording similar to ACCA's residual clause." United States v. Brown, 868 F.3d 297, 302 (4th Cir. 2017). Therefore, § 2255(f)(3) does not apply and Petitioner's career offender claim will be dismissed with prejudice as time-barred. Brown, 868 F.3d at 302; United States v. Rumph, 824 F. App'x 165 (4th Cir. 2020).

Second, Petitioner's argument that his § 924(c) convictions are invalid pursuant to Johnson and its progeny is meritless. Under § 924(c), consecutive mandatory sentences apply if a person is convicted of a qualifying "crime of violence" in which a firearm is used, carried, possessed, brandished, or discharged. See 18 U.S.C. § 924(c). In United States v. Davis, 139 S.Ct. 2319 (2019), the Supreme Court held that § 924(c)'s residual clause is unconstitutionally vague in accordance with Johnson. Therefore, a § 924(c) conviction only remains valid if the predicate offense qualifies as a "crime of violence" under § 924(c)'c force clause, that is, if it "has as an element the use, attempted use, or threatened use of physical force against the person or property

---

[4] The Federal Defender conceded, before withdrawing from the case, that Petitioner's challenge to his career offender sentence is time-barred. See (Doc. No. 8) (Amended Supplemental Memorandum conceding that the career offender challenge is barred by the statute of limitations). The Court will address limitations with regards to this claim in an abundance of caution in light of the Federal Defender's withdrawal from the case.

4

of another." 18 U.S.C. § 924(c)(3)(A).

Petitioner argues that he should be granted relief under <u>Johnson</u> and <u>Davis</u> because the predicate offense underlying the § 924(c) charges – Hobbs Act robbery – does not qualify as a "crime of violence" under § 924(c)'s force clause. (CR Doc. No. 3). This argument fails because the Fourth Circuit has now repeatedly held that Hobbs Act robbery remains a valid "crime of violence" under § 924(c)'s force clause. <u>United States v. Mathis</u>, 932 F.3d 242, 266 (4th Cir. 2019); <u>United States v. Benson</u>, 957 F.3d 218, 240 (4th Cir. 2020). Petitioner's challenge to his § 924(c) convictions is therefore meritless and will be denied.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion to Vacate is dismissed with prejudice and denied.

**IT IS, THEREFORE, ORDERED** that:

1.    Petitioner's Motion to Vacate Sentence Under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** with prejudice and **DENIED**.

2.    Respondent's Motion to Dismiss, (Doc. No. 18), is **GRANTED**.

3.    **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the

denial of a constitutional right).

4.     The Clerk is instructed to close this case.

Signed: March 29, 2021

Robert J. Conrad, Jr.
United States District Judge

6